395 F.2d 655
 TEAMSTERS LOCAL UNIONS, 745, 47, 886, 523, 270, 5, 568, 667 and 891, Appellants,
v.
BRASWELL MOTOR FREIGHT LINES, INC., Appellee.
 No. 24099.
 United States Court of Appeals Fifth Circuit.
 June 28, 1968.
 
 L. N. D. Wells, Jr., Dallas, Tex., for appellants.
 T. S. Christopher, Forth Worth, Tex., Donald Lee Cotton, El Paso, Tex., Allen P. Schoolfield, Jr., Dallas, Tex., for appellee.
 Before BELL, GODBOLD and DYER, Circuit Judges.
 ON PETITION AND SUPPLEMENTAL PETITION FOR REHEARING EN BANC
 GODBOLD, Circuit Judge:
 
 
 1
 The Teamsters locals, claiming to be parties to a collective bargaining agreement with Braswell ("the Agreement"), sued for damages, specific performance and an injunction against breach by Braswell. The district court, in granting summary judgment for Braswell, found the Agreement never applied to these locals. We have held that these locals are parties to the Agreement by virtue of an arbitral award to that effect, which award is entitled to enforcement, and have reversed the grant of summary judgment to Braswell.
 
 
 2
 The Teamsters sought summary judgment below on the issue of liability alone, with damages reserved, which is authorized by Fed.R.Civ.P. 56(b). Our conclusion, rather than being styled a summary judgment or partial summary judgment for the unions, would more appropriately be styled a ruling as a matter of law on the single issue that the appellant locals became parties to the Agreement. That issue is now established for this action.
 
 
 3
 Further proceedings as to the scope and quantum of relief to which the unions may be entitled, and defenses, if any, that Braswell may have, are for the trial court in the first instance and not for this court.
 
 
 4
 While recognizing the right of Braswell to present in the district court its defenses, if any, to liability, we reject summarily the contention made to us that it is a defense to Braswell that the Teamsters locals failed to file any grievance and to pursue grievance procedures under the Agreement. The unions cannot be barred for failing to exhaust grievance arrangements under a contract which Braswell insisted did not apply to them.
 
 
 5
 Our conclusion that the contract is applicable to these Teamsters locals disposes of the argument of Braswell on rehearing that a retrospective card check is required to determine whether at the time the contract became applicable to the BFL locals these locals in fact represented a majority of the BFL employees, otherwise the employer and the union might be, by contract, imposing on the BFL employees representation by a union that did not represent a majority. The National Labor Relations Board found that the BFL employees were an appropriate unit and ordered Braswell to bargain with these unions as their bargaining agent. 141 NLRB 1154; 154 NLRB 101.
 
 
 6
 The petition, and supplemental petition, for rehearing are granted in part and denied in part. No member of this panel nor Judge in regular active service on the court having requested that the court be polled on rehearing en banc, the suggestion for rehearing en banc is denied.
 
 
 7
 The last paragraph of our opinion of March 25, 1968 is vacated. The summary judgment in favor of Braswell is reversed. The cause is remanded to the district court for such proceedings thereafter as are appropriate and not inconsistent with this opinion.